IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTECH DIAGNOSTICS, INC.<br>17672 Cowan Ave.<br>Irvine, CA 92614,<br><br>Plaintiff,<br><br>v.<br><br>DARA E. HUBBARD, AS ADMINISTRATOR OF THE ESTATE OF KATHLEEN HEFNER, DECEASED<br>140 Mayhill Street, Apt. 204<br>Saddle Brook, NJ 07663<br><br>and<br><br>ANIMAL HOSPITAL OF SADDLE RIVER, INC. d/b/a ANIMAL HOSPITAL OF SADDLE RIVER<br>171 East Saddle River Road, No. 5<br>Saddle River, NJ 07458<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Case No.:** |

## PLAINTIFF'S COMPLAINT

Plaintiff, Antech Diagnostics, Inc. ("Antech") brings this Complaint against Dara E. Hubbard, as Administrator of the Estate of Kathleen Hefner, Deceased (the "Administrator"), and Animal Hospital of Saddle River, Inc. d/b/a Animal Hospital of Saddle River (the "Clinic"), stating as follows:

### PARTIES

1. Antech is a California corporation, with principal place of business in California.

2. Antech is registered to do business in New Jersey.

3. Deceased, Kathleen Hefner, DVM was a citizen of New Jersey with last known address at 3501 Rio Vista Drive, Mahwah, New Jersey.

4. Dr. Hefner's estate is being administered under the jurisdiction of the Bergen County Surrogate's Court.

5. The Administrator is a citizen of New Jersey residing at 72 West Hudson Avenue, Englewood, New Jersey.

6. The Clinic is a corporation organized and existing under New Jersey law with principal place of business in New Jersey.

7. Dr. Hefner was the owner, operator, and manager of the Clinic.

8. The Administrator and the Clinic are referred to herein collectively as the "Defendants."

## JURISDICTION AND VENUE

9. Federal jurisdiction exists pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is proper in the District of New Jersey because a substantial part of the events or omissions on which the claims are based occurred in the District of New Jersey, and because the subject contract was executed there.

## FACTS

11. In 2015, Dr. Hefner and the Clinic entered into an agreement relating to veterinary laboratory services. (Exclusive Laboratory Services Agreement, **Exhibit A**)

12. With limited exceptions, Dr. Hefner and the Clinic promised to use Antech as their exclusive provider of laboratory services for a term of six years.

13. Dr. Hefner and the Clinic also promised to purchase from Antech an annual minimum of $33,600 in laboratory services per contract year.

14. In consideration, Antech promised to provide laboratory services according to a special pricing schedule.

15. Also in consideration, Antech promised to contribute towards Dr. Hefner's and the Clinic's purchase of veterinary diagnostic equipment and/or a practice management system.

16. Also in consideration, Antech promised to lend $22,000 to Dr. Hefner and the Clinic, with forgiveness of installment payments if the annual minimum amounts were met.

17. Plaintiff has at all times fulfilled its promises under the agreement.

18. Plaintiff has provided laboratory services as requested.

19. Plaintiff gave Dr. Hefner and the Clinic a $22,000 loan.

20. Plaintiff gave Dr. Hefner and the Clinic $51,590 towards the purchase of veterinary diagnostic equipment.

21. Dr. Hefner and the Clinic have failed to fulfill their promises under the agreement.

22. Dr. Hefner and Clinic received in laboratory services received from Antech, but have failed to pay for those services, causing a loss of $20,808.87 to Antech.

23. Dr. Hefner and the Clinic failed to meet annual minimum amounts, and have in fact ceased to purchase any laboratory services at all from Antech, causing loss to Antech totaling $103,638.72.

24. Dr. Hefner and the Clinic have defaulted on the loan, causing a loss of $22,000, plus interest, to Antech.

25. Antech has given Dr. Hefner and the Clinic fair notice of default and breach.

## COUNT I – BREACH OF CONTRACT

26. Antech incorporates by reference the allegations set forth in paragraphs 1 to 25.

27. Based on the mutual exchange of promises and valuable consideration, there is a valid and binding contract between Antech and Dr. Hefner and the Clinic as described above.

28. Antech performed all of its material conditions, covenants, and obligations in accordance with the contract.

29. Dr. Hefner and the Clinic breached the contract by failing to meet annual minimum amounts, ceasing to use Antech's laboratory services before the end of the contract term, failing to pay amounts due for laboratory services provided by Antech, defaulting on the loan, and failing to honor the contract's exclusivity clause.

30. As a direct result of the breach alleged herein, Antech has suffered monetary damages, including but not limited to lost profits, amounts due for services provided but never paid for, and amounts due for incentives provided, for a total amount estimated at $198,037.59.

WHEREFORE, Plaintiff demands judgment against Defendants on Count I for <u>the sum certain of $198,037.59</u>, together with interest, costs of suit and such other relief as the Court deems just.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Antech incorporates by reference the allegations set forth in paragraphs 1 to 30.

32. The aforementioned contract includes an implied covenant of good faith and fair dealing, providing that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

33. Plaintiff performed all material conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract.

34. Dr. Hefner and the Clinic breached the implied covenant of good faith and fair dealing by failing to meet annual minimums, ceasing to use Antech's laboratory services before the end of the Term, failing to pay amounts due for laboratory services provided by Antech, failing to repay the loan, and failing to honor the contract's exclusivity clause.

35. As a direct result of Dr. Hefner's and the Clinic's breaches of the implied covenant of good faith and fair dealing, Antech has suffered monetary damages, including lost profits, amounts due for services provided but never paid for, and amounts due for incentives provided, for a total amount of $198,037.59.

WHEREFORE, Plaintiff demands judgment against Defendants on Count II for <u>the sum certain of $198,037.59</u>, together with interest, costs of suit and such other relief as the Court deems just.

## COUNT III – UNJUST ENRICHMENT

36. Antech incorporates by reference the allegations set forth in paragraphs 1 to 35.

37. In reliance on Dr. Hefner's and the Clinic's conduct and representations, including the agreement alleged herein, Antech conferred benefits on Dr. Hefner and the Clinic.

38. Antech conferred the benefits with a reasonable expectation that Dr. Hefner and the Clinic would purchase laboratory services and maintain an exclusive business relationship with Antech.

39. The benefits were conferred under circumstances that should have put Dr. Hefner and the Clinic on notice that Antech expected to benefit from the relationship, including laboratory services purchases and repayment of the loan amount.

WHEREFORE, Plaintiff demands judgment against Defendants on Count III for value of benefits conferred, together with interest, costs of suit and such other relief as the Court deems just.

## COUNT IV - PIERCING THE CORPORATE VEIL / ALTER EGO LIABILITY

40. Antech incorporates by reference the allegations set forth in paragraphs 1 to 39.

41. Dr. Hefner conducted business, and contracted with Antech, using the trade name Animal Hospital of Saddle River, or variants thereof.

42. Dr. Hefner did not separately account for, or keep separate, the costs, expenses, and payments related to the veterinary practices conducted under the name Animal Hospital of Saddle River, or variants thereof, and failed to maintain appropriate accounting practices and formalities.

43. Dr. Hefner made personal use of funds obtained in the course of conducting veterinary practices under the name Animal Hospital of Saddle River, or variants thereof.

44. Dr. Hefner operated the Clinic as if it was a sole proprietorships, without respect for corporate formalities.

45. The Clinic was undercapitalized and the alter ego of Dr. Hefner.

46. Dr. Hefner used the Clinic to further her own personal interests.

WHEREFORE, Plaintiff demands judgment against Defendants on Count IV for <u>the sum certain of $198,037.59</u>, together with interest, costs of suit and such other relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all counts and as to all issues.

                                       Respectfully submitted,

                                       **LAVIN, O'NEIL, CEDRONE & DiSIPIO**

BY:    s/ *Andreas Ringstad*
           Andreas Ringstad, Esquire
           (NJ 017562008)
           190 North Independence Mall West
           6th & Race Streets, Suite 500
           Philadelphia, PA 19106
           Tel No.:    (215) 351-7904
           Fax No.:   (215) 351-1900

           *Attorneys for Plaintiff, Antech Diagnostics, Inc.*

Dated: July 13, 2018.

2016838v1